UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN MICHAEL STONE,

                       Plaintiff,                             Case No. 1:14-cv-546

v.                                              Honorable Robert J. Jonker

S. BREWER et al.,

                       Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Brewer, Berghuis, Beaumont, and Swanich. The Court will also dismiss Plaintiff's Eighth Amendment claim against Defendant Payne for failure to state a claim. The Court will serve Plaintiff's First Amendment retaliation claims against Defendants Kennedy and Payne.

**Discussion**

I.      Factual allegations

Plaintiff presently is incarcerated at the Macomb Correctional Facility but complains of events that occurred at the Earnest C. Brooks Correctional Facility (LRF).  In his *pro se* complaint, Plaintiff sues the following LRF employees:  Warden Mary Berghuis, Deputy Warden S. Brewer, Segregation Unit Officer Unknown Beaumont, Yard Officer Unknown Kennedy, School Officer Unknown Swanich and Investigator Unknown Payne.

When Plaintiff arrived at LRF in June 2013, he was assaulted by another prisoner and placed in protective custody.  Plaintiff was then transferred to Adrian Correctional Facility from August to October 2013.  Soon thereafter, Plaintiff was transferred back to LRF.  Plaintiff states that Warden Berghuis and Deputy Warden Brewer should never have agreed to accept Plaintiff at LRF because he needed protection.  When Plaintiff arrived at LRF, Defendants Berghuis and Brewer told Plaintiff to give the general prison population a try.  Plaintiff states that he was not in the general prison population for more than forty-five minutes before he overheard prisoners planning to stab him because he was labeled as a snitch.  That day, Plaintiff was transferred to a temporary segregation cell for protection.

While housed in segregation, Plaintiff alleges that Officer Beaumont was not aware of Plaintiff's mental health problems.  Plaintiff apparently acts up when he is housed in segregation.  On January 28, 2014, Plaintiff would not calm down.  Officers Beaumont and Swanich then obtained photos of Plaintiff's daughter from his personal property.  Officers Beaumont and Swanich told Plaintiff that if he did not calm down, they would destroy the photographs.  When Plaintiff did not calm down, Officer Swanich ripped up Plaintiff's photographs and laughed.  Plaintiff became so

- 2 -

Case 1:14-cv-00546-RJJ-HWB   ECF No. 7 filed 03/17/15   PageID.37   Page 3 of 17


enraged that he broke down the segregation door.  Plaintiff received a major misconduct ticket for destroying state property.  During Defendant Payne's investigation of the incident, Plaintiff's major misconduct ticket was dismissed and Officers Beaumont and Swanich were suspended without pay for their actions.  Also, on January 28, 2014, Plaintiff claims that Officer Kennedy denied Plaintiff a meal tray because of how Plaintiff acted.[1]

Once Officers Beaumont and Swanich were suspended, Plaintiff asserts that Officer Kennedy retaliated against him by writing false misconduct tickets for threatening behavior, the destruction of property, assault on staff and sexual misconducts.  Plaintiff states that the "hearings officer . . . dismissed most of the false allegations [against] me."  (Compl., docket #1, Page ID#5.)

Plaintiff was then transferred to Bellamy Creek Correctional Facility (IBC).  While at IBC, Plaintiff claims that Investigator Payne visited Plaintiff three times and harassed him.  Payne threatened Plaintiff with more prison time if Plaintiff did not tell MDOC officials that Plaintiff was lying about the January 28, 2014 incident.  Plaintiff eventually lied.

Reading Plaintiff's complaint liberally, *see Haines*, 404 U.S. at 520, Plaintiff asserts the following claims.  In violation of the Eighth Amendment, Plaintiff alleges that (1) Defendants Berghuis and Brewer failed to protect Plaintiff by initially placing him in the general prison population; (2) Defendants Berghuis and Brewer failed to protect Plaintiff by not informing Defendants Beaumont and Swanich of his mental health issues and anxiety attacks in segregation; (3) Defendants Beaumont and Swanich harassed Plaintiff by ripping up his photographs; (4) Defendant Kennedy failed to provide Plaintiff with a meal on January 28, 2014; (5) unspecified

---

[1]While in segregation, Plaintiff further complains that he was denied the right to take a shower, bathe or wash his hands.  (*See* Compl., docket #1, Page ID#6.)

Defendants denied Plaintiff the right to shower, bathe and wash his hands while in segregation; and (5) Defendant Payne harassed and threatened Plaintiff.  Plaintiff also states that his Fourteenth Amendment rights were violated because his grievances and letters were denied without an interview or investigation,[2] his pictures were wrongly taken from his personal property, and he was wrongly convicted of false misconduct charges.  Plaintiff further asserts that his Fourth Amendment rights were violated by the unreasonable search and seizure of his personal property.  Plaintiff finally complains that his First Amendment rights were violated when Officer Kennedy retaliated against him by writing false misconduct tickets and Defendant Payne retaliated by threatening Plaintiff with more prison time unless he lied to investigators.

For relief, Plaintiff requests monetary damages for his pain and suffering and undue stress.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial

---

[2]While Plaintiff states that Grievance Coordinator J. Manirick, the Ombudsman and MDOC Director Daniel Heyns wrongly denied Plaintiff's grievances and did not respond to his letters, Plaintiff does not list them as Defendants in this action.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

- 5 -

*Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

### 1.    Pictures

Plaintiff claims that Officers Beaumont and Swanich ripped up photographs of his daughter in violation of the Eighth Amendment.  Plaintiff, however, has not shown how he faced a serious risk to his health or safety by the destruction of his photographs.  *See Mingus*, 591 F.3d at 479-80.   The destruction of his photographs was merely an unpleasant experience that Plaintiff experienced while incarcerated, and, thus, does not constitute an Eighth Amendment violation.  *See Ivey*, 832 F.2d at 954.

- 6 -

2.      Meals, Showers, Baths and Water to Wash Hands

Plaintiff alleges that he was denied one meal on January 28, 2014, and the right to take a shower, bathe and wash his hands in segregation.  (Compl., docket #1, Page ID#6.)  Plaintiffs' claims, however, do not rise to an Eighth Amendment violation.  First, the denial of one meal in segregation is not an Eighth Amendment violation.  *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days in 2008 and 2009 is not an Eighth Amendment violation); *Richmond v. Settles,* 450 F. App'x 448, 456 (6th Cir. 2011) (being deprived of seven meals over six consecutive days while on Behavioral Management did not state a viable Eighth Amendment claim, because the prisoner "does not allege that his health suffered as a result of not receiving the meals").  Here, Plaintiff does not allege that his health suffered as a result of missing one meal, or that he did not receive adequate nutrition through his remaining meals.  *See Cunningham*, 567 F.2d at 660.  Consequently, Plaintiff does not state an Eighth Amendment claim for the one meal he did not receive from Defendant Kennedy while housed in segregation.

Plaintiff also argues that he was denied the ability to shower, bathe and wash his hands while in segregation.  Plaintiff, however, does not allege how many showers or baths he was denied or how many times he could not wash his hands.  Plaintiff's vague and conclusory allegations fail to state an Eighth Amendment claim.  *See Iqbal*, 556 U.S. at 678-69 (Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983);

- 7 -

*Twombly*, 550 U.S. at 555.  As a result, Plaintiff's fails to state an Eighth Amendment claim for being denied the ability to shower, bathe and wash his hands.

3.    <u>Failure to Protect</u>

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care.  *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).  To establish a violation of this right, a plaintiff must show that a defendant was deliberately indifferent to the plaintiff's risk of injury.  *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988).  While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack.  *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

An Eighth Amendment failure-to-protect claim has both an objective and subjective component.  *See Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer*, 511 U.S. at 833-34).  To satisfy the objective component, the inmate must show that the failure to protect him from risk of harm is objectively "sufficiently serious."  *Farmer*, 511 U.S. at 833.  In particular, the inmate must show that "he is incarcerated under conditions posing a substantial risk of serious harm."  *Id.*

To satisfy the subjective component, the inmate must establish that prison officials acted with "deliberate indifference" to his health or safety.  *Bishop*, 636 F.3d at 766 (citing *Farmer*,

- 8 -

511 U.S. at 834). "An official is 'deliberately indifferent' if he or she 'knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.' " *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Id.* at 838. In analyzing the subjective component, a district court should consider each defendant's state of mind individually, not collectively. *Bishop*, 636 F.3d at 767. Additionally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause." *Id.* at 845.

Plaintiff alleges that Warden Berghuis and Deputy Warden Brewer failed to protect Plaintiff when they placed him in the general prison population when he returned to LRF after spending several months at the Adrian Correctional Facility. During his previous incarceration at LRF, Plaintiff had been labeled as a snitch. The Court assumes that Plaintiff reasonably feared for his safety. Plaintiff, however, fails to allege that Defendants Berghuis and Brewer were deliberately indifferent to his risk of safety. While Plaintiff was incarcerated at the Adrian Correctional Facility, prisoners were transferred in and out of LRF. Upon Plaintiff's arrival at LRF, Defendants Berghuis and Brewer asked Plaintiff to try the general prison population. Plaintiff states that he was in the general prison population for approximately forty-five minutes when he overheard prisoners planning to stab him because he was labeled as a snitch. After Plaintiff notified prison staff that he

- 9 -

was at risk, Plaintiff was placed in a temporary segregation cell for protection.  (*See* Compl., docket #1, Page ID#3.)  Obviously, Defendants Berghuis and Brewer took the prisoner threats seriously and removed Plaintiff from the general prison population as soon as possible.  As a result, Plaintiff fails to show that Defendants Berghuis and Brewer were deliberately indifferent to his risk of safety, and, therefore, fails to state an Eighth Amendment claim.

Plaintiff also claims that Defendants Berghuis and Brewer failed to inform Officers Beaumont and Swanich of the mental health issues and anxiety attacks that Plaintiff suffers while in segregation.  After the January 28, 2014 incident, the Court assumes that Plaintiff faced an objectively substantial risk of serious harm to himself when agitated in segregation.  Plaintiff, however, fails to allege facts suggesting that Defendants Berghuis and Brewer were deliberately indifferent to that risk.  While Plaintiff claims that Defendants knew he was a snitch, Plaintiff does not allege that Defendants Berghuis and Brewer were aware of any facts from which to infer that Plaintiff had mental health problems and anxiety attacks in segregation.  Accordingly, Defendants Berghuis and Brewer could not have alerted Officers Beaumont and Swanich to Plaintiff's mental health issues and anxiety attacks.  Because neither Defendant subjectively was aware of and disregarded a substantial risk that to Plaintiff's safety, Plaintiff fails to state an Eighth Amendment claim against Defendants Berghuis and Brewer.  *See Farmer,* 511 U.S. at 834.

4.    Harassment

Plaintiff complains that Defendant Payne harassed him on three different occasions so Plaintiff would lie about the January 28, 2014 segregation incident.  The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions under the Eighth Amendment.  *See Ivey v. Wilson*, 832 F.2d 950, 954-55

- 10 -

(6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir.  Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights.");  *Brown v. Toombs*, No. 92-1756, 1993 WL 11882, at *1 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.").  Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Payne for harassment.

B.    **Fourteenth Amendment**

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law."  *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the

procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

### 1.   Grievances

Plaintiff argues that his due process rights were violated because his grievances and letters were denied without an interview or investigation.  Plaintiff, however,  has no due process right to file a prison grievance.  The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure.  *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  Michigan law does not create a liberty interest in the grievance procedure.  *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).  Because Plaintiff has no liberty interest in the grievance process, the failure to provide him with a interview or investigation did not deprive him of due process.

### 2.   Misconduct Tickets

To the extent Plaintiff claims that Defendant Kennedy violated his due process rights for filing false major misconduct charges against him, he fails to state a due process claim.  A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicated any liberty interest.  In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow

before depriving a prisoner of good-time credits on account of alleged misbehavior.  The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.  But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior.  Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest."  But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct convictions resulted in any loss of good-time credits, nor could he.  The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[3] for prisoners convicted of crimes occurring after April 1, 1987.  In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board.  *Id.* at 440.  Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement.  355 F.

---

[3] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system.  MICH. COMP. LAWS § 800.33(5).

- 13 -

App'x at 912; *accord Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff has not identified any significant deprivation arising from his convictions. Unless a prison misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due-process claim fails. *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). Mere placement in segregation or on in-cell lock-down is not such a deprivation. *Sandin*, 515 U.S. at 484. Because Plaintiff fails to state a due process claim arising from the misconduct convictions, his claim against Defendant Kennedy must be dismissed.

3.     Pictures

To the extent Plaintiff argues that Defendants violated his due process rights for destroying his pictures, his claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation

remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claim will be dismissed.

C.    **Fourth Amendment**

Plaintiff contends that Defendants violated his Fourth Amendment rights by seizing his personal property without a valid penological interest.  The Fourth Amendment generally prohibits the government from conducting unreasonable searches, but the Supreme Court has held that the Fourth Amendment does not apply to cell searches, because "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  Applying *Hudson* to Plaintiff's case, the Fourth Amendment did not prohibit Defendants from searching the personal property in his duffel bag while he was incarcerated.  Therefore, Plaintiff does not state a Fourth Amendment claim.

D.    **First Amendment**

Plaintiff asserts that Defendants Kennedy and Payne retaliated against him because Officers Beaumont and Swanich were suspended for tearing up Plaintiff's pictures.  At this juncture, the Court will serve Plaintiff's First Amendment retaliation claims against Defendants Kennedy and Payne.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Brewer, Berghuis, Beaumont and Swanich will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will also dismiss Plaintiff's Eighth Amendment claim against Defendant Payne for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve Plaintiff's First Amendment retaliation claims against Defendants Kennedy and Payne.

An Order consistent with this Opinion will be entered.


Dated:   March 17, 2015          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE